Ladd *vs.* McDonald.

## LADD *vs.* MCDONALD.

(JACKSON, Justice, was providentially prevented ftom presiding in this case.)

1. When a diminution of the record is suggested, and the clerk of the court below, in response to a rule *nisi* from this court, sends up the missing portion of the record, which covers evidence not contained in the brief as originally certified to this court, such addition constitutes a portion of the record and will be so considered.
2. Where the evidence was conflicting this court will not control the discretion of the court below in refusing a new trial.

Practice in the Supreme Court.    New Trial. Before Judge McCUTCHEN.    Bartow Superior Court.    July Term, 1879.

Reported in the opinion.

JOHN A. WIMPY; B. W. MURPHY, for plaintiff in error.

JAMES B. CONYERS; STANSELL & WOFFORD, for defendant.

HAWKINS, Justice.

This was a motion for new trial had and certified and sent to the last term of this court. A suggestion was then made of a diminution of the record, in that the brief of evidence, as agreed upon and approved, did not state correctly the evidence of one Peck, a witness in the case. The clerk, in response to a rule *nisi* from this court, certified and sent here the complete evidence of Peck as taken from the brief of evidence, and on the hearing now, plaintiff's counsel objected to the consideration of the same as a part of the record of the case.

1. Upon an examination of Peck's evidence, as contained in the original transcript, the following, which is contained in the new transcript, does not appear—seems

to have been omitted in making out the original record.

"Witness put Styles Peck, T. H. Ladd and A. C. Ladd in possession of the property in 1872, and A. C. Ladd exercised the same sort of control and possession ever since."

We think the evidence thus sent up under the suggestion is properly a part of the record in the case.

2. The evidence shows that the property levied on was in the possession of defendant after judgment, and this put the claimant to her title if she had any.

It appears that the claimant, S. G. Ladd, was the wife of the defendant, and claimed that she had been in possession before and since the judgment, and, therefore, the plaintiff had not made out a *prima facia* case ; but the testimony shows that the defendant was put in possession, with others, in 1872, and continued and exercised the same sort of control and possession up to the trial.

It is true there was conflicting evidence, but the jury were the proper judges of that, and having found the property subject, and the court below refusing a new trial, we see no error of law to justify a new trial.

Judgment affirmed.